UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ABDULGHEFUR AHMED HASSEN a/k/a
NABIL HASSAN,

               Plaintiff,                       MEMORANDUM AND ORDER
                                                    16-CV-00996

   - against -

LORETTA LYNCH,
UNITED STATES ATTORNEY GENERAL, et al.,

               Defendants.
----------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiff Abdulghefur Ahmed Hassen ("Mr. Hassen" or "Plaintiff") brought this action on February 1, 2016, seeking *de novo* judicial review, under 8 U.S.C. § 1421(c), of a U.S. Citizenship and Immigration Service ("USCIS") decision denying his application for naturalization. (ECF No. 1). Pending now before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9). For the reasons explained below, Defendants' motion is **DENIED**.

### BACKGROUND

       Mr. Hassen is a native and citizen of Yemen who now resides in Brooklyn, New York. (Compl. ¶¶ 5, 11). He has been a Lawful Permanent Resident of the United States since 1984, is married to a United States citizen, and has six children who are all citizens. (*Id.* at ¶¶ 11, 12). During the early 1990s, he owned a wholesale business in Brooklyn where he sold household goods and toiletries, including glass pipes to smoke tobacco. (*Id.* at ¶¶ 13-15). In December 1992, he was arrested by U.S. Customs Services for the sale of those pipes, which were considered drug paraphernalia. (*Id.* at ¶ 15). On October 12, 1993, he pled guilty to a violation of 21 U.S.C. §

1

863(a)(2) for knowingly and willfully conspiring to sell drug paraphernalia and was sentenced to five years of probation. (*Id.* at ¶ 16). On January 21, 2005, he was convicted of Structuring Transactions to Evade Reporting Requirements in violation of 31 U.S.C. § 5324(a)(3) and (D)(2) and was sentenced to three years of imprisonment, three years of supervised release, and a $10,000 fine. (ECF No. 9, Exhibit 2). On February 8, 2007, immigration authorities commenced removal proceedings against him due to the drug violation alone. (ECF No. 9, Exhibit 3). However, he was granted a waiver of deportation pursuant to 8 U.S.C. § 1182(c). On January 12, 2011, he was convicted in the Criminal Court of the City of New York, Queens County, for unlicensed driving in violation of N.Y.S. VTL § 509.1. (ECF No. 9, Exhibit 5). Since then, he has not committed any crimes and continues to reside in the United States as a Lawful Permanent Resident. (ECF No. 9, Exhibit 4).

On February 26, 2015, Mr. Hassen filed an application for naturalization. Nine months later, his application was denied with the following explanation:

> [y]ou must demonstrate that you are a person of good moral character. Because you have been convicted of an aggravated felony on or after November 29, 1990, you are permanently barred from establishing good moral character. Therefore, you are ineligible for naturalization.

(ECF No. 9, Exhibit 6). He appealed that decision, and on February 1, 2016, USCIS affirmed the denial on the same grounds. (ECF No. 9, Exhibit 7).

**LEGAL STANDARD**

A district court's review of a denial of a naturalization application is *de novo,* and the district court "shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c). Presently before the Court is not the actual petition, but the government's motion to dismiss. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a Rule 12(b)(6) motion, the Court must accept the non-moving party's factual allegations as true and draw all reasonable inferences in its favor. *ATSI Commc'ns*, 493 F.3d at 98. But the Court may consider, in addition to the facts stated in the complaint, "any written instrument attached to the complaint," as well as "documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *Id.*

## DISCUSSION

8 U.S.C. § 1427(a) provides

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, *within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time*, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) *during all the periods referred to in this subsection has been and still is a person of good moral character*, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

(emphasis added). A naturalization applicant must prove that he has been during the statutory period, the five-year period immediately preceding his naturalization petition and up to the time of naturalization, a person of good moral character. *Daddona v. United States*, 170 F.2d 964, 965 (2d Cir. 1948); *Gizzo v. I.N.S.*, No. 02 CIV. 4879 (RCC), 2003 WL 22110278, at *2 (S.D.N.Y. Sept. 10, 2003). While the attorney general "may take into consideration as a basis for such

3

determination the applicant's conduct and acts at any time prior to that period," 8 U.S.C.A. § 1427(e), it is "impermissible to rely solely on acts outside the statutory period in evaluating an applicant's good moral character." *Gizzo*, 2003 WL 22110278, at *3. Conduct outside of the statutory period may be taken into consideration "if the conduct of the applicant during the statutory period does not reflect that there has been a reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character." *Id.* at *2 (citing 8 C.F.R. § 316.10).

A person who has been convicted of an "aggravated felony" within the statutory period cannot be regarded as a person of good moral character. 8 U.S.C. § 1101(f)(8). An "aggravated felony" is defined to include "a drug trafficking crime," being "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq)." 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c). Mr. Hassen plead guilty to an aggravated felony 22 years before his naturalization application, well before the five-year statutory period began to run. Since then, he has not committed any crimes that disqualify him as a person of good moral character, has consistently paid his taxes, and "attempts to have a positive influence on the lives of others." (ECF 11 ¶ 7; ECF 12 ¶ 4). Defendants do not contend otherwise.

Although not a necessary consideration for a determination of this motion, one may look askance regarding the glass pipe as drug paraphernalia.

SO ORDERED.

Dated:     Brooklyn, New York
           November 13, 2018

                                              /s/
                                            I. Leo Glasser                     U.S.D.J.