UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ABDULGHEFUR AHMED HASSEN a/k/a
NABIL HASSAN,

                Plaintiff,                    MEMORANDUM AND ORDER
                                                      16-CV-00996

   - against -

LORETTA LYNCH,
UNITED STATES ATTORNEY GENERAL, et al.,

                Defendants.
-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

       Plaintiff Abdulghefur Ahmed Hassen ("Mr. Hassen" or "Plaintiff") brought this action on February 1, 2016, seeking *de novo* judicial review, under 8 U.S.C. § 1421(c), of a U.S. Citizenship and Immigration Service ("USCIS") decision denying his application for naturalization. (ECF No. 1, "Complaint"). On November 13, 2018, the Court denied Defendants' motion to dismiss Mr. Hassen's request for judicial review pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18). On November 19, 2018, Defendants moved, unopposed, for reconsideration of that motion based on the Second Circuit's decision in *Chan v. Gantner*, 464 F.3d 289 (2006). (ECF No. 20). Having reconsidered the motion and the Second Circuit's decision, Defendants' motion is **GRANTED** and Mr. Hassen's claim is dismissed.

## BACKGROUND

       The Court assumes the parties' familiarity with the facts of this case and refers to its Memorandum and Order denying Defendants' Motion to Dismiss. (ECF No. 18). In sum, on October 12, 1993, Mr. Hassen pled guilty to a violation of 21 U.S.C. § 863(a)(2) for "us[ing] the mails or any other facility of interstate commerce to transport drug paraphernalia." (Complaint ¶

1

16). Fourteen years later, on February 8, 2007, immigration authorities commenced removal proceedings against him, but he was granted a waiver of deportation pursuant to 8 U.S.C. § 1182(c). (ECF No. 9, Exhibit 3). Since then, other than a traffic violation, he has not committed any crimes.

On February 26, 2015, Mr. Hassen filed an application for naturalization. His application was denied with the following explanation:

> [y]ou must demonstrate that you are a person of good moral character. Because you have been convicted of an aggravated felony on or after November 29, 1990, you are permanently barred from establishing good moral character. Therefore, you are ineligible for naturalization.

(ECF No. 9, Exhibit 6). He appealed that decision, and on February 1, 2016, USCIS affirmed the denial on the same grounds. (ECF No. 9, Exhibit 7).

## DISCUSSION

On November 13, 2018, the Court denied Defendants' motion to dismiss Mr. Hassen's request for *de novo* judicial review of his naturalization application because Mr. Hassen "pled guilty to an aggravated felony 22 years before [the] application, well before the five-year statutory period began to run." (ECF No. 18 at 4). The "statutory period" the Court referred to is described in 8 U.S.C. § 1427(a) as follows:

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, *within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time*, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) *during all the periods referred to in this subsection has been and still is a person of good moral character*, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

2

(emphasis added).  Under 8 U.S.C. § 1101(f)(8), a person cannot establish "good moral character" if "during the period for which good moral character is required to be established is, or was . . . one who at any time has been convicted of an aggravated felony."  The Second Circuit in *Chan* interpreted these two provisions to mean the following: "'[D]uring the period for which good moral character is required,'—i.e. 'the five years immediately preceding the date of filing his application,' § 1427(a)—[the plaintiff] remained 'one who at any time has been convicted of an aggravated felony,' § 1101(f)," and thus "an applicant convicted of an aggravated felony is precluded under 8 U.S.C. § 1101(f)(8) from establishing good moral character regardless of when the conviction occurred."  464 F.3d at 294.  While the Court agrees with the plaintiff in *Chan* that "8 U.S.C. § 1101(f) is ambiguous because the introductory language referring to 'the period for which good moral character is required to be established' contradicts the reference in section 1101(f)(8) to 'one who *at any time*[1] has been convicted of an aggravated felony,'" the Second Circuit rejected that interpretation and this Court is bound by that decision.

The Court previously noted that Mr. Hassen pled guilty to an aggravated felony, but some discussion as to that finding is warranted.[2]  An "aggravated felony" is defined to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."  8 U.S.C. § 1101(a)(43)(B).  18 U.S.C.

---

[1] As literally construed and applied, a lawful, constructive life lived, however long between the judgment of conviction and the application for citizenship, is irrelevant as is unquestioned repentance.

[2] The Court also noted that "one may look askance regarding the glass pipe drug paraphernalia," (ECF No. 18 at 4), given the factors the government should consider in determining what constitutes drug paraphernalia pursuant to 21 U.S.C. § 863(3).  Having pled guilty to transporting drug paraphernalia, Mr. Hassen's argument regarding the same, (ECF No. 12 at ¶¶ 1-2), cannot be considered.

924(c) provides that "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." Having pled guilty to 21 U.S.C. 863(a)(2), a felony punishable under the Controlled Substances Act, Mr. Hassen has technically been convicted of an "aggravated felony" within the meaning of 8 U.S.C. 1101(a)(43)(B). While it is questionable that Congress intended the sale of glass pipes for tobacco smoking to be considered a "drug trafficking crime" within the meaning of the Controlled Substances Act, the statutes, read in tandem, are clear on their face.

## CONCLUSION

Accordingly, for the reasons set forth above, Defendants' motion to reconsider the Court's previous Memorandum and Order, (ECF No. 18), is **GRANTED** and Mr. Hassen's request for judicial *de novo* review of his naturalization application is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
April 3, 2019

/s/_____
I. Leo Glasser          U.S.D.J.